IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Alfred B. Wood, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 2:12-0979-PMD |
| | ) | |
| v. | ) | |
| | ) | |
| Suya Wang, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff, a South Carolina citizen, sued Defendant, a citizen and resident of Georgia, for negligence. Plaintiff originally filed this action in the Court of Common Pleas, Clarendon County, South Carolina, on January 24, 2012. On April 9, 2012, Defendant removed the action based upon diversity jurisdiction. On April 13, 2012, Plaintiff filed a Stipulation stating that the amount in controversy does not exceed $75,000.00.

The sole issue before the court is whether the $75,000.00 amount in controversy requirement of diversity jurisdiction is met.

The court notes that the removal statute is to be strictly construed and doubts resolved in favor of remanding the case to state court. Mulcahey v. Columbia Organic Chem Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); McGraw v. FD Services, Inc., 811 F.Supp. 222, 223 (D.S.C. 1993). The burden is on Defendant to prove a case was properly removed. Mulcahey, 29 F.3d at 151; Bennett v. Bally Mfg. Corp., 785 F.Supp. 559, 560 (D.S.C. 1992); Hinks v. Associated Press, 704 F.Supp. 638 (D.S.C. 1988). Although the precise nature of Defendant's burden "is a subject of much controversy," Gafford v. General Electric Co., 997 F.2d 150, 155 (6th Cir. 1993), the court finds that it need not resolve this issue because, under any standard of proof, the court is convinced that Plaintiff's stipulation reveals that the court lacks subject matter jurisdiction.

As a general rule, the amount in controversy in an action which is removed based on diversity of citizenship should be measured "at both the time of commencement [of the action in state court] and the time of removal." Sayers v. Sears, Roebuck and Co., 732 F.Supp. 654, 656 (W.D.Va.1990); Griffin v. Holmes, 843 F.Supp. 81, 87 (E.D.N.C. 1993). A corollary of this rule is that a plaintiff in such an action may not defeat diversity jurisdiction by filing a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a). St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938).

The court finds that St. Paul is not controlling in this case. Plaintiff's complaint seeks an unspecified amount of damages. (Complaint at 2.) The court finds the reasoning of Cole v. Great Atlantic & Pacific Tea Co., 728 F.Supp. 1305 (E.D.Ky. 1990), a case with facts similar to the present one, to be persuasive:

> Unlike the [Saint Paul] scenario, [the plaintiff's] subsequent stipulation did not have the effect of changing the information on which [the defendant] relied, but instead providing the information for the first time. The practical result is that when faced with a complaint effectively silent as to damages, the defendant should make an independent inquiry as to the extent of damages or run the risk of remand when the plaintiff, as here, provides that information.... This rule conforms with [Saint Paul] as it applies only when the complaint does not state a removable case, not when a plaintiff files an action that is removable and then changes the status of the case to defeat removal.

Id. at 1309.

Although the Fourth Circuit Court of Appeals has not addressed the issue, there are numerous decisions supporting the Cole decision. See Angus v. Shiley, Inc., 989 F.2d 142, 145 n.3 (3d Cir. 1993); Asociacion Nacional v. Dow Quimica, 988 F.2d 559, 565 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994); Gwyn v. Wal-Mart Stores, Inc., 955 F.Supp. 44, 46 (M.D.N.C. 1996); Cross v. Bell Helmets, USA, 927 F.Supp. 209, 215 (E.D.Tex. 1996); Ferguson v. Wal-Mart Stores, Inc., C/A No. 4:94-2696-22, 1994 WL 653479 (D.S.C. Nov. 15, 1994); Griffin v. Holmes, 843 F.Supp. 81, 88 (E.D.N.C. 1993);

but see In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992); Fritz v. Universal Technical Institute, Inc., 2010 WL 233870 (D.S.C. Jan. 13, 2010).

The court finds itself in agreement with the decisions characterizing a post-removal stipulation regarding the amount in controversy as a clarification permitted, not forbidden, by Saint Paul. Applying the principle to the present case, the court accepts Plaintiff's stipulation stating that the total amount of damages sought in the complaint is less than $75,000.00.

Because Plaintiff's post-removal clarification is permissible and should be given effect, it is clear that the jurisdictional amount cannot be satisfied. "[I]f plaintiff has alleged only a small amount of damages or it is otherwise obvious that the jurisdictional amount under § 1332(a) cannot be satisfied, the court must dismiss the case outright for lack of jurisdiction." Shanaghan v. Cahill, 58 F.3d 106, 112 (4th Cir. 1995). Thus, the court concludes it lacks subject matter jurisdiction over this case.

Accordingly, the action is remanded to the Court of Common Pleas, Clarendon County, South Carolina. A certified copy of this order of remand shall be mailed by the Clerk of this court to the Clerk of the Court of Common Pleas, Clarendon County, South Carolina.

IT IS SO ORDERED.

PATRICK MICHAEL DUFFY
United States District Judge

May 2, 2012
Charleston, South Carolina